[No. 14161.   Department Two. — November 25, 1891.]

MANUEL S. VITORENO, RESPONDENT, v. ANTONIO COREA, APPELLANT.

FRAUDULENT TRANSFER —MISREPRESENTATION AS TO ATTACHMENT — RECOVERY OF PERSONAL PROPERTY — INTENTION TO DEFRAUD CREDITORS. — An action will lie to recover the possession of personal property turned over by the plaintiff to the defendant without consideration, owing to a false and fraudulent representation made in defendant's behalf, that a creditor of the plaintiff intended to attach his property, where it appears that the plaintiff had sufficient other property to pay his debts, and it does not affirmatively appear that he assented to the transfer with intent to hinder, delay, or defraud any creditor.

ID. — MAXIM — IN PARI DELICTO — FRAUD OF DEFENDANT — PUBLIC POLICY. — Though the maxim, *In pari delicto, melior est conditio possidentis*, applies where property has been placed by the plaintiff in the hands of the defendant for illegal purposes, and the defendant has refused to return it, it does not apply where the defendant alone has been guilty of fraud. The maxim is one of public policy, and will not be applied where public policy would not be best subserved by applying it.

ID. — CONCURRENCE IN ILLEGAL ACT — TAKING ADVANTAGE OF WRONG — DEFENSE BY DEFRAUDING PARTY. — Two persons may concur in an illegal act without being deemed to be *in pari delicto;* and where but one of them is guilty of fraud, he cannot take advantage of his own wrong, or avail himself of his own fraud as a defense against the other person.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. E. McElrath*, and *Thomas Scott*, for Appellant.

The plaintiff should have been nonsuited on his opening statement. (*Gregory* v. *Haworth*, 25 Cal. 654; *Abbe*

v. *Marr,* 14 Cal. 210; *Valentine* v. *Stewart,* 15 Cal. 387; *Davis* v. *Mitchell,* 34 Cal. 90.) Even had Corea made statements of his mere opinion that Williams was going to attach the plaintiff, and those statements had been false, plaintiff would have no right to recover here. (*Nounnan* v. *Sutter Co. Land Co.,* 81 Cal. 1.)

*Chase, Chase & Miller,* for Respondent.

The court did not err in refusing to give judgment for the defendant upon the opening statement, as it appears therefrom that Williams had no idea of attaching the property of respondent, and that appellant worked upon his fears of such attachment, and respondent believed that appellant's representations were true, and thereby was induced to make a transfer of his property to appellant, and the appellant intended to deceive respondent and to get the latter's property. (*Amer* v. *Hightower,* 70 Cal. 440; *Butler* v. *Collins,* 12 Cal. 457; 8 Am. & Eng. Ency. of Law, 822, and cases cited in the notes on pages 823, 824.)

SHARPSTEIN, J. — This is an action to recover the possession of personal property. The jury rendered a verdict in favor of the plaintiff. Defendant moved for a new trial, upon a statement. The motion was denied, and defendant appeals from the judgment, and order denying his motion for a new trial.

The statement shows that after the jury had been sworn, the plaintiff's attorney stated the issue and his case as follows: —

"Mr. Chase, I will first read to you the pleadings which show the issues of this case, and then will state briefly the facts we expect to prove under those issues. [Reads the complaint and answer.]

"Now, these parties, the plaintiff and defendant, live over in the southeast part of the county, beyond Clayton, and are farmers. The plaintiff is in very good circumstances, and owns the property which is described in the complaint and answer. The defendant's relative came

to the plaintiff, and without any cause whatever made up a story, — a lie, in fact, — and told the plaintiff that one Thomas Williams was about to attach him, the plaintiff (the plaintiff was owing him), and that he had better put his property over in his brother's hands; he had real estate there, he had hay, he had property a good many times the value of the property than what the plaintiff was owing this Williams; but the defendant's brother worked upon the fears of the plaintiff in that way, telling him that Williams was about to attach him, and that he should put his property over in the defendant's hands, and keep it a while, and turn it back again.   The facts are right there, that Williams had no idea of attaching him; he did not intend to, he knew the plaintiff was perfectly good, he had plenty of property to pay his debts, and this story was manufactured out of whole cloth. But after conversing a while, the plaintiff and defendant went to Antioch, and a pretended bill of sale of the property was made out, and the property was temporarily turned over to the hands of the defendant.   At Antioch the pretended purchase-money for the property was paid out to the plaintiff, some two hundred odd dollars, — I think one hundred and fifty or two hundred dollars, — and a bill of sale was signed, and then when they got out, according to a previous agreement, the money was returned by the plaintiff to the defendant; a part of it was borrowed there in Antioch, and it was returned to the defendant and the parties it was borrowed from.   Time passed along, and the defendant stated to confidential friends who lived in the community that this was only a sham sale, and the property did not belong to him, the defendant, at all; it belonged to the plaintiff, and that it would soon be returned to him.   He told several that fact; that subsequently the defendant got the impression that he could hold this property, and decided that he would keep it, and some discussion arose out of it, — some lawsuits arose out it, — until the feeling between them became such that the defendant determined that he would hold the property, and the result was the bringing of this

action for the recovery of the property or its value; these are, substantially, the facts we expect to prove."

Mr. McElrath, attorney for defendant, said: "Upon the opening statement of Mr. Chase, we move that he be nonsuited. If Mr. Chase's statement is correct, it is that the defendant's brother went to the plaintiff and informed the plaintiff that a man by the name of Williams, and who was a creditor of the plaintiff, was going to attach him, and the plaintiff, for the purpose of hindering, defrauding, and swindling this creditor, transferred his property to the defendant. Of course, I don't admit such are the facts. I say, upon the plaintiff's own statement, if those are the facts, the doors of this court-house are closed against him, and he is not entitled to come in here; he is in that condition of fraud that he does not come into court with clean hands. I refer your honor to the case in the 25th California, page 654, *Gregory* v. *Haworth.* We move for a nonsuit, and ask a judgment for the value of the property or for its return, and for costs."

The court, after hearing argument, overruled the motion, and defendant excepted.

According to this statement of plaintiff's attorney to the jury, the defendant obtained possession of the property sued for, without giving any consideration therefor, by fraudulent misrepresentation. The misrepresentation consisted in defendant's representing to plaintiff that a creditor of his was intending to attach his property, when in fact the creditor named had no such intention, and plaintiff had plenty of other property to pay his debts. If the property had been placed by the plaintiff in the hands of the defendant for illegal purposes, and the defendant refused to return it, the plaintiff would have to abide the loss, for *in pari delicto, melior est conditio possidentis.*

But courts, both of law and equity, have held that two persons may concur in an illegal act without being deemed to be *in pari delicto.* In this case, the defendant alone was guilty of fraud. He cannot avail himself of

his own fraud as a defense. "'For no man shall set up his own iniquity as a defense, any more than as a cause of action." (*Montefiori* v. *Montefiori,* 1 W. Black. 364, per Lord Mansfield.)

It does not appear that plaintiff consented to the transfer of the property with the intent to hinder, delay, or defraud any creditor. If not, he was simply an innocent victim of the defendant's wiles.

To permit the defendant to retain what he had thus fraudulently obtained the possession of would be to enable him to take advantage of his own wrong, contrary to the maxim, *Nullus commodum capere potest de injuria sua propria.*

The maxim, *In pari delicto, melior est conditio possidentis,* is one of public policy, and public policy could not best be subserved by applying it to this case.

The motion for a nonsuit was properly overruled.

The evidence of the plaintiff tended to prove a stronger case than the statement of his attorney, which we have above considered. We cannot hold that his evidence is insufficient to justify the verdict of the jury, although it conflicts in many respects with the evidence of the defendant.

Judgment and order affirmed.

McFARLAND, J., concurred.

DE HAVEN, J., concurring. — I concur in the judgment. The evidence upon the trial was such as to bring the case fairly within the rule laid down in Bump on Fraudulent Conveyances, 441, 442.