JACKSON v. PLYLER.

1. FINDINGS OF FACT.—The finding by master and Circuit Judge, as a fact, that a deed was voluntary, approved, there being evidence to sustain this finding.

2. VOLUNTARY DEED—SUBSEQUENT CREDITORS—FRAUD.—A deed will not be held fraudulent as to subsequent creditors, on the sole ground that it is voluntary ; but where it is executed under circumstances which also show a moral fraud towards subsequent creditors, it will be held void at their instance, even though they had notice of the deed.

3. IBID.—IBID.—IBID.—FINDING OF FACT.—Where a man, insolvent at the time, or shortly afterwards, makes a voluntary deed to his wife, so that he may save a home to her, whatever turns up, is soon afterwards sued, and then gives a mortgage on the same land, there is evidence enough to sustain the finding by master and Circuit Judge, that the deed was made with intent to commit an actual fraud towards subsequent creditors.

4. LIMITATIONS OF ACTIONS—PLEA.—Plaintiff brought action to foreclose a mortgage given by the intestate husband of defendant. Defendant relied upon a prior deed to the same land from the husband to herself, and plaintiff then assailed this deed for fraud. *Held*, that defendant could rely upon the statute of limitations as a bar to the alleged fraud without formally pleading the statute. Possibly, it would have been better practice to object to all testimony of fraud when offered.

5. IBID.—FRAUD—DEFENCE.—Where the action is not to vacate the deed for fraud, but for foreclosure of a mortgage of land, and the prior deed to the same land, interposed as a defence, is assailed for fraud, the statute of limitations against the allegation of fraud is inapplicable. Amaker *v.* New, 33 S. C., 35, approved and followed.

Before WITHERSPOON, J., Chesterfield, September, 1892.

This action was commenced January 28, 1888. The opinion states the case.

*Mr. E. J. Kennedy,* for appellant.

*Messrs. Prince & Stevenson,* contra.

March 21, 1893.    The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.    This was an action to foreclose a mortgage of real estate, executed on the 12th of February, 1879, by one James Robertson to the plaintiff.    The mortgagor, James Robertson, having departed this life intestate some time in the year 1882, and his widow, Sarah A., having subsequently intermarried with one William B. Plyler, the action is against her and her children as heirs at law of the mortgagor, with whom is joined one Peter L. Threatt, who is in possession of and claims title to ten acres of the land covered by the mortgage; and his claim having been allowed by the Circuit decree, which is not appealed from as to that claim, the only controversy here is as to the defence set up by the appellant, Sarah A. Plyler.    Her defence is title to the mortgaged premises, paramount to the mortgage, derived under a deed to her from her former husband, James Robertson, executed on the 14th of November, 1877, and duly recorded on the 8th of December, 1877, prior to the execution of the mortgage.    To this plaintiff replied that said deed was fraudulent and void, and appellant rejoins that plaintiff is barred by the statute of limitations from assailing said deed for fraud.

The case was referred to a referee to determine all the issues both of law and fact, and he made his report, finding, amongst other things, as matter of fact, that the deed from James Robertson to his wife, the appellant, was without consideration, and was made with a fraudulent intent, and, as a matter of law, that said deed was null and void, and, therefore, constituted no defence to this action; and as he overruled the defence of the statute of limitations, he recommended that the plaintiff have judgment of foreclosure, except as to the ten acres claimed by the defendant, Peter L. Threatt.    To this report the appellant filed numerous exceptions, all of which were overruled by the Circuit Judge, who rendered judgment for foreclosure as recommended by the referee.

From this judgment the defendant, Sarah A. Plyler, appeals upon the several grounds set out in the record, which need not be repeated here, as they make substantially only the following questions: 1st. Whether the deed from James Robertson to the

32—38

appellant was void for fraud. 2d. Whether the plaintiff was barred by the statute of limitations from assailing said deed, upon the ground of fraud, in this action. 3d. Whether the appellant could obtain the benefit of the statute, without formally pleading the same.

The fact that the deed in question was voluntary does not seem to have been seriously contested; and in view of the concurrent finding of the referee and the Circuit Judge, it could not well be, as there certainly was some evidence to sustain that conclusion, and none to show that it was based upon any valuable consideration. Assuming that to be an established fact, we come to the consideration of the first question above stated. While it is unquestionably true that the mere fact that a deed is without consideration—a voluntary deed—will not render it fraudulent as to *subsequent* creditors, especially where they have notice, yet, if, in addition to its being voluntary, it was made with a view to future indebtedness, or attended with some circumstance of fraud other than what arises from its being voluntary, then it may be declared null and void for fraud, even at the instance of subsequent creditors. While, therefore, *an existing* creditor may assail a voluntary deed, even though executed without any evil intent or fraudulent purpose whatsoever, and even if the motive which prompted the act should be of the most praiseworthy character, yet a *subsequent* creditor is not permitted to do so, without showing some actual moral fraud. As authority for these doctrines, we do not deem it necessary to go behind the case of *Walker, Evans & Cogswell* v. *Bollman*, 22 S. C., 511, where the late Chief Justice Simpson clearly lays down these principles, and sustains them by citations of the authorities.

Inasmuch, therefore, as the plaintiff in this case is conceded to be a subsequent, and not an existing, creditor, it is necessary to inquire whether there was any actual fraud in the deed which was assailed. This is a question of fact; and in view of the well settled rule, we are bound to sustain the concurring judgment of the referee and Circuit Judge, unless it is without any testimony to sustain it, or is

contrary to the manifest weight of the testimony. This we certainly cannot say, in view of the testimony set out in the "Case." Without undertaking to go into any extended discussion of the testimony, it is sufficient to say, that it shows the case of a man who, if not insolvent at the time, became so not long afterwards, makes a voluntary deed to his wife of a considerable part of his property, with the declared purpose "that he wanted to make it to his wife, as it did not make any difference then what turned up, his wife and children would have a home," showing that he expected something to turn up in the way of financial disaster; that this expectation was not without foundation, as he was very soon afterwards sued, and that he continued to go deeper and deeper into debt, finally landing in utter insolvency; and when to this is added the fact, which, standing alone, would amount to nothing, that he, very soon after making this voluntary deed, showed himself to be a person capable of committing a gross fraud, by mortgaging to the plaintiff the very same land which he pretended to have conveyed to his wife, without giving his mortgagee any notice of such conveyance. So that, without considering the testimony as to the grantor's indebtedness to B. A. Evans, who seems to have been an existing creditor at the time the deed in question was executed, which indebtedness was subsequently largely increased, and some of it yet remains unpaid, we think there is quite sufficient evidence to sustain the concurring judgment of the referee and Circuit Judge, that there was actual fraud in the deed.

It only remains, therefore, to consider the matter of the statute of limitations. We agree with the counsel for appellant, that the fact that the statute was not formally pleaded does not preclude the appellant from relying upon the statute, for the reason that we do not see where such a plea could have been formally interposed. The appellant does not, and could not, rely upon the statute as a bar to the plaintiff's right of action, in which case a formal plea would have been necessary; but the statute is relied upon as precluding the plaintiff from assailing the deed which the appellant has offered in evidence to sustain her defence. The

appellant was not bound to assume that the plaintiff intended to assail her deed for fraud, and could not know of such intention until after the deed was offered in evidence; and as the pleadings must be made up before any evidence is offered, we are unable to see at what point appellant could have interposed the statute by a formal plea. Possibly the better practice in such a case would be for the party relying upon the deed to object to any evidence tending to assail the deed for fraud, upon the ground that such assault is barred by the statute of limitations; but no such question has been raised in this case, and, therefore, this court must not be regarded as deciding it. It seems to us, therefore, that the appellant was not precluded from relying upon the statute (if applicable at all), by the fact that it was not formally pleaded.

But we are of opinion that the statute of limitations is not applicable to the case. This is not an "action for relief on the ground of fraud," but, on the contrary, it is simply an action for the foreclosure of a mortgage of real estate, and the plea of the statute does not, and cannot, have any applicability to anything but the cause of action as stated in the complaint. It is purely an arbitrary defence, resting solely upon the terms of the statute creating it, and has no application to the merits of the controversy. Reading that statute in connection, as found in section 94 of the Code, together with section 112, subdivision 6, it would read in this way: "Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued," to wit: "Any action for relief on the ground of fraud" must be commenced "within six years" after the cause of action has accrued, which shall "not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud." Now, it is difficult to conceive how this purely statutory defence is applicable to the present case, which is undoubtedly not such an action as that in which the defence of the statute is permitted and provided for. As was said in *Amaker* v. *New*, 33 S. C., at page 35: "The plea of the statute, as it is called (improperly, as I think, for such a plea must be directed to the cause of action set forth in the com-

plaint), is not directed to the plaintiff's cause of action, but is interposed as a protection against an attack made by the plaintiff upon the defence set up by defendants."

The plaintiff here having established his cause of action, as set forth in his complaint, by proving the executon of the note and mortgage, was entitled to judgment of foreclosure, unless the appellant succeeded in establishing her title paramount to the mortgage. For this purpose she relied upon the deed in question, and, therefore, the only remaining question was whether such deed was sufficient to vest the title in her; and surely the plaintiff was at liberty to show any defect in that deed which would render it insufficient to vest such title in appellant, either by showing that it was a forgery, or that it was obtained by duress or any other fatal defect; and if so, why should not the plaintiff be allowed to show that it was void for fraud, and, therefore, incapable of vesting the title in appellant, and thus insufficient to sustain the defence relied on. It must be remembered that the statute of limitations does not even purport to destroy or extinguish a cause of action, but simply to close the doors of the courts to a suitor who undertakes to bring his suit upon such cause of action after the lapse of the prescribed time. Hence it has been held in *Wilson* v. *Kelly*, 16 S. C., 216, that while a holder of a note may have lost his right of action for the breach of the contract evidenced by the note, by reason of the lapse of the prescribed time, yet if he can obtain payment in any other way than by resort to an action on such contract, he has the right so to do. So here the statute does not have the effect of converting a fraudulent deed into a valid deed, by reason of the lapse of the prescribed time, but it simply forbids the right of action for relief on the ground of fraud; and hence, if the question as to the fraudulency of the deed arises in any other way than in such an action, there is nothing in the statute which forbids its being assailed for fraud. It seems to us that the case of *Amaker* v. *New*, 33 S. C., 35, *supra*, is so entirely conclusive of this question that we need not consider it further.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.