GOFORTH v. GOFORTH.

1. RESULTING TRUST.—The facts in this case warrant the finding that there was a resulting trust in favor of defendant.
2. STATUTE OF LIMITATIONS—FRAUD—DEFENSE—CASES FOLLOWED. The statute of limitations applying to the commencement of actions for setting aside deeds for fraud, do not apply to a defense of like nature. *Amaker* v. *New*, 33 S. C., 28, and *Jackson* v. *Phyler*, 38 S. C., 406, followed.

Before TOWNSEND, J., Yorkville, November, 1895.    Affirmed.

Action in partition by Wm. P. Goforth against Martha Goforth.    The facts are fully set forth in the following report of the referee, W. W. Lewis:

The above stated cause having been referred to me by his Honor, Judge Benet, to try all the issues of law and fact, and to report on the same to this Court, I beg leave to submit the following as my report:

I held a reference at Blacksburg, S. C., on the 10th day of September, 1895; present, the attorneys of record.    The testimony taken is herewith respectfully submitted.

(1) I find, as a matter of fact, that in the year 1878, Martha Goforth, the defendant herein, constituted and appointed her husband, H. P. Goforth, her agent, to purchase for her the tract of land described in the complaint; and further, to have title to said land made to her.    That he, as agent for the said defendant, did purchase the said land, and did cause the deed (made in 1878) to be made to Martha Goforth and Wm. P. Goforth, her step-son, a minor of the age of six or seven years.    The entire consideration, as admitted, was money belonging to Martha Goforth, and which she had obtained from her father's estate; this, with the exception of a small amount which was derived from the crops made on the land described in the complaint.    The said deed was put on record in the proper office in the county of York on the 22d day of April, 1878.    Some time after

the deed was executed—certainly before 1885—the defendant, Martha Goforth, was informed of the manner in which, and to whom, the deed had been executed; and she and her husband had repeated quarrels over the execution of the deed in the manner set forth above. Martha Goforth, H. P. Goforth, and W. P. Goforth resided on the land from the time of its purchase until about the year 1885 or 1886. The rents and profits were collected by H. P. Goforth, and used by the family until 1890. In 1891 the rents were divided between H. P. Goforth and Martha Goforth. W. P. Goforth at no time made any demand on the defendant (so far as the testimony shows) for any rents or profits, nor did he make any claim of interest in the land until the year 1893, when he demanded partition of the premises. I find no testimony going to show that Martha Goforth ever acquiesced in the making of the deed to W. P. Goforth and herself, nor that she ever considered said W. P. Goforth a tenant in common with herself. I further find that the plaintiff attained his majority in the year 1893.

From the above facts, I conclude that when the deed to the property mentioned in the complaint was made to the plaintiff and the defendant herein, there resulted a trust of one-half interest in this land, of which trust the plaintiff became trustee and the defendant the *cestui que trust.*

(2) That although the defendant had actual notice of the fraud perpetrated on her by her husband in favor of the plaintiff, a minor, for more than six years before the commencement of this action, yet could this not enure to the benefit of the plaintiff, and thereby give currency to the statute until the said minor attained his majority.

(3) That upon the plaintiff attaining his majority in 1893, and having then adopted the fraud of his father, the statute would begin to run in his favor, both as trustee of the resulting trust, as well as a participant in the fraud perpetrated on the defendant as aforesaid.

(4) That this action having been commenced within six years from the currency of the statute, the claim set up by

the plaintiff that the defendant's rights are barred, cannot be sustained.

(5) That the defendant having proven conclusively her claim to the beneficial interest in the entire tract of land set out in the complaint, and she not having been barred by the statute of limitations, is entitled to have the deed before mentioned corrected, and to the decree of this Court declaring the defendant the sole and exclusive owner in fee simple of the aforesaid lands.'

It is, therefore, recommended, that the order of this Court do issue, requiring the plaintiff to surrender the said deed to this Court, and that it be corrected in the particulars herein set forth.

From this report the plaintiff appealed, and the Circuit Court filed the following decree:

This is an action for the partition of a tract of land. The plaintiff claims an undivided half of said land, and alleges that the defendant owns one undivided half, and no more.

The defendant denies the tenancy in common, and alleges, among other things, that the land was purchased with her money, and that the deed was fraudulently made without her knowledge or consent to William P. Goforth and herself, jointly, instead of to herself, alone; and hence, that William P. Goforth has no title or interest whatever in said land; and she asks that the complaint for partition be dismissed, and that the said deed be reformed so as to vest the title to said land in her, the defendant, solely and alone. The plaintiff in his reply to the defendant's answer denies that the defendant has ever been the sole occupant of said land, and alleges that the plaintiff and the defendant have occupied the said land together ever since said deed was made, and have also used the said rents in common during that time until now. He also alleges knowledge on the part of the defendant of the alleged fraud more than six years prior to the commencement of this action, and pleads the statute of limitations.

It was referred to W. W. Lewis, Esq., to pass upon all the issues of law and fact, and to report any special matter. The referee took the testimony and made his report, and the case comes up before me now on exceptions to said report by the plaintiff. Certain objections were made at the different references to the introduction of testimony, and exceptions taken to the rulings of the referee, as appears from the proceedings; but these exceptions are not brought before this Court, nor is any allusion made to them in the exceptions, except so far as they may be involved in exceptions to certain findings of fact by the referee.

The first exception of the plaintiff is as follows: "The referee erred in holding that there was a resulting trust in favor of the defendant, when the same was not pleaded as a defense in the defendant's answer." The objection here is, that allegations in the answer of the defendant are not sufficient to support such finding. There is no complaint that the testimony does not support such findings. The exception involves, therefore, a construction of the answer in that respect. The answer alleges, in substance, that the land was purchased with her money, under instructions from her to her husband to have the deed made to her alone, but that her husband violated her instructions in respect to the deed, without her knowledge or consent, and had it made to her and William P. Goforth jointly. This, I would say, is a sufficient allegation of a resulting trust; and I agree with the referee that the testimony supports his finding as to such trust.

The second exception of the plaintiff is as follows: "The referee found as a matter of fact that the deed in controversy was properly recorded in the office of register of mesne conveyance for York County, S. C., in the year 1878; that before 1885 the defendant, Martha Goforth, was informed of the manner in which, and to whom, the deed was executed; and the referee should have held as a matter of law that the statute of limitations began to run against the defendant from the discovery of the fraud, which was more

9—47

than six years from the commencement of this action." If the defendant had chosen to institute an action to set aside the deed, or to reform it, it would have been necessary for her to commence her action within six years from the discovery of the fraud; but as she chose to wait till her rights under the deed were assailed, she was not bound by the statute of limitations (*Amaker* v. *New*, 33 S. C., 28), and hence I agree with the referee again in his findings.

The third exception of the plaintiff is as follows: "The referee erred when he held as a matter of law that the discovery of the fraud by the defendant did not give currency to the statute until said minor attained his majority, whereas the referee should have held that the statute of limitations started against the defendant from the discovery of the fraud by the defendant, notwithstanding the age of the plaintiff." I think the referee erred in this finding, if he referred to an action by the defendant. As to any action which the defendant might desire to bring, the statute commenced to run at the time of the discovery of the fraud, irrespective of the age of the plaintiff; but as to any defense she might desire to set up, whenever she should be assailed by the plaintiff, the statute did not apply, and, of course, did not run against her. In this case the defendant chose the latter plan of protecting her rights.

Plaintiff's fourth exception is as follows: "The referee erred when he held that the plaintiff adopted his father's fraud, and that the statute did not begin to run until 1893, or against the resulting trust until that date." I agree with the referee, that the plaintiff adopted his father's fraud—otherwise he could not have instituted this action; and what I have already said in regard to the statute of limitations, is sufficient as to when the statute began to run. Plaintiff's fifth exception is also answered by what has already been said, and is overruled.

Plaintiff's sixth exception is as follows: "That he erred when he held that the defendant is the sole and exclusive owner in fee simple of the aforesaid land; whereas he should

have held that one-half of the land (for the reasons hereto-
fore stated) belonged to the plaintiff." I agree entirely
with the referee in this finding. It is, therefore, ordered,
adjudged, and decreed: First. That the complaint be dis-
missed, and that the plaintiff pay the cost of this action.
Second. That W. W. Lewis, Esq., the referee in this case,
execute and deliver to the defendant, Martha Goforth, a
deed of conveyance under the form required by law to the
one-half undivided interest in the land claimed by the plain-
tiff, as set forth in this action; using in said deed apt and
suitable words to convey to and vest in her, her heirs and
assigns forever, the fee-simple title to said half interest, and
reciting therein so much of the deed from Thomas Mullinax,
Frances Mullinax, and Mary A. Sherer to Martha Goforth
and W. P. Goforth, and of these proceedings, as will explain
the reasons and necessity and authority for making deed by
the Court, as hereinbefore directed.

From this decree plaintiff appeals on following exceptions:

1st. It was error when his Honor, D. A. Townsend, held
that there was a resulting trust established in favor of the
defendant; but if he was correct in this, it being an implied
or resulting trust, he should have held that this defense
was not available to the defendant, on account of the stat-
ute of limitations.

2d. This being an action in equity, wherein the referee
and the Circuit Judge held that the defendant had knowl-
edge of the fraud more than six years before the commence-
ment of this action; that at the time there was a plaintiff
who could sue and a defendant who could be sued, he erred
when he did not hold that a cause of action had then ac-
crued to the defendant, and because the defendant did not
sue within six years from the accrual of the cause of action—
the discovery of the fraud—she was barred by the statute
of limitations.

3d. He erred when he held: "If the defendant had chosen
to institute an action to set aside the deed or to reform it,

it would have been necessary for her to commence her action within six years from the discovery of the fraud; but as she chose to wait till her rights under the deed were assailed, she was not bound by the statute of limitations;" whereas he should have held that the defendant was the actor in attacking the deed for fraud—was first to assail its validity in equity—and should have done so within six years from the discovery of the fraud.

4th. He erred when he held that the statute of limitations did not begin to run until the plaintiff adopted his father's fraud (1893), against the fraud or resulting trust.

5th. He erred when he held that the defendant was the sole and exclusive owner of all the land described in the complaint; whereas he should have held that one-half of it belonged to the plaintiff herein, for the foregoing reasons.

*Mr. N. W. Hardin,* for appellant, cites, on first point: 10 A. & E. Ency., 14, notes 1 and 3; on second: 29 Id., 6, n. 3; Beard v. Stanton, 15 S. C., 164; Bugg v. Summer, 1 McM., 333; Clark v. Bowman, 18 Wall, 493; Riddler v. Whitehead, 135 U. S., 621; Code, 118; McMakin v. Gowan, 18 S. C., 505; Brown v. Brown, 22 S. E. R., 414; Code, 112, subd. 6; 19 S. C., 482; 18 S. C., 521; 23 S. C., 410; 16 S. C., 611; Lott v. DeGraffenreid, 10 Rich. Eq., 353; McLure v. Ashby, 7 Rich. Eq., 444; Chalmers v. Glenn, 18 S. C., 471; Suber v. Chandler, 18 S. C., 530; Wood on Lim., sec. 61; Pom. Eq. Jur., secs. 817, 917; Amaker v. New, 33 S. C.; Jackson v. Phyler, 38 S. C., 496.

*Messrs. W. B. DeLoach* and *Finley & Brice,* contra, submitted argument, but did not furnish Reporter one.

July 14, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for partition of the land described in the complaint. The plaintiff alleges that he and the defendant each are seized and possessed in fee of one-half of said lands by reason of a deed of conveyance executed in March, 1878, and recorded in April, 1878.

The defendant in her answer alleges that the said deed was fraudulent and void, in that it was made to her and the plaintiff jointly, instead of to her alone; that her money was used in paying for the land, and that, therefore, there was a resulting trust in her favor. The plaintiff replied, pleading the statute of limitations as to the resulting trust and the fraud. The facts in detail are set out in the report of the master and decree of his Honor, the Circuit Judge, which, together with the appellant's exceptions, will be incorporated in the report of the case.

The exceptions raise substantially but two questions, to wit: 1st. Was there a resulting trust? 2d. Even if there was a resulting trust, could the defendant interpose such defense when more than six years had elapsed, after discovery of the fraud?

The first question depends upon the facts as developed by the testimony. After a careful consideration of which, we fully concur in the findings of fact by his Honor, the Circuit Judge; and we more readily do so since the master in his report reached the same conclusions. The exceptions raising this question are therefore overruled.

The second question is disposed of by the cases of *Amaker* v. *New*, 33 S. C., 28, and *Jackson* v. *Phyler*, 38 S. C., 496. These cases, by their reasoning and authority, so fully rule the case before the Court against the appellant, that we deem it only necessary to refer to them to sustain the conclusions herein announced. The exceptions raising the second question are also overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.