[Civ. No. 152.   First Appellate District.—October 17, 1905.]

R. McCOLGAN et al., Respondents, v. LOUISA M. MUIR-
LAND et al., Executrix and Executor of Will of C.
WALTER WILLEY, Deceased, Appellants.

Action upon Judgment against Decedent—Defense by Executors—
Fraud—Incapacity of Decedent—General Demurrer.—In an ac-
tion upon a judgment against a deceased testator, to which the
executors pleaded in defense that the note upon which it was ren-
dered was fraudulently procured without consideration, about Feb-
ruary 1, 1893, to obtain property deeded by decedent in trust, by
taking advantage of his incapacity under an agreement that the judg-
ment should be obtained for the purpose of setting aside the trust,
and should be used for no other purpose, averments in the an-
swer that decedent, "in the month of February, 1893, and for a long
time prior thereto, was improvident, and addicted to the constant
and excessive use of intoxicating liquors, and was thereby incapable
of transacting business," sufficiently shows his incapacity on the first
day of February, 1893, as against a general demurrer, with no sug-
gestion of uncertainty as to the defense pleaded.

Id.—Relief Against Fraud—Testator not in Pari Delicto—Protec-
tion of Estate.—Where it does not appear that the testator had
any creditors, and he merely wished, by allowing plaintiff, who was
not a creditor, to assume that status to get back the property that
he had deeded in trust, his purpose being similar to that of a fine
and recovery at common law, without intent to defraud anyone,
and his purpose failed, the suit to set aside the trust being inef-
fective, he was not *in pari delicto* with the plaintiff in his attempt
to defraud, and if the facts alleged in the answer are true, the
courts will see that plaintiff shall not use the judgment, which he
promised should not otherwise be made use of, to take the funds of
the estate without consideration, and thus take advantage of his
own wrong.

Id.—Statute of Limitations Inapplicable to Defense of Fraud
Against Judgment.—A plea of the statute of limitations in the
demurrer to the answer setting up the defense of fraud against the
action upon a judgment, that the defense is barred by subdivision
4 of section 338 of the Code of Civil Procedure, applicable to ac-
tions for relief on the ground of fraud, was improperly sustained,
though an affirmative cause of action for such relief would be
barred. The statute is inapplicable to fraud relied upon merely
as an equitable defense to the judgment sued upon, that it was pro-
cured by fraud and without consideration, though the court had ju-
risdiction to render it, where no affirmative relief is sought by the
defendant.

APPEAL from a judgment of the City and County of San Francisco. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, and Timothy J. Lyons, for Appellants.

E. M. Massey, for Respondents.

COOPER, J.—This is an action to recover upon a judgment obtained by plaintiff McColgan (who has assigned an undivided half of said judgment to plaintiff Athearn), against C. Walter Willey, in the superior court of the city and county of San Francisco, on the fourteenth day of March, 1893, for the sum of $1,076.70. Willey died in January, 1898, and the defendants are the executor and executrix of his last will. The judgment was duly presented as a claim properly verified, and was rejected. The defendants answered, and in their answer, as a defense only, alleged in substance: That on October 11, 1892, Willey made his promissory note of even date, payable to his own order, for $1,000 with interest thereon at the rate of five per cent per month, from maturity, indorsed it, waiving demand and protest, and delivered it to one Welch for the purpose of having it negotiated, but it was not negotiated, and Welch retained possession of it until February, 1893. On the twenty-eighth day of October, 1892, the said Willey, jointly with one Amasa P. Willey, each owning an undivided one-half thereof, executed and delivered to William Boericke a deed of conveyance of certain real estate upon the trusts therein expressed, the said real estate being fully described in the answer. The answer further alleges: ''That the said C. Walter Willey attained his majority on the twenty-fourth day of September, A. D. 1892; that the said C. Walter Willey, in the month of February A. D. 1893, and for a long time prior thereto, was improvident, and addicted to the constant and excessive use of intoxicating liquors, and was thereby incapable of transacting business; that on or about the first day of February, A. D. 1893, the said McColgan and Athearn, for the purpose and with the intent of unjustly obtaining from the said C. Walter Willey the property so conveyed by him as aforesaid, by taking advantage of his said condition and of his pecuniary necessities, proposed to the said C. Walter

Willey that the said instrument above set forth should be procured from the said Welch by the said McColgan, and that an action should be instituted thereon by the said McColgan against the said C. Walter Willey, in which said action a judgment should be obtained by the said McColgan against the said C. Walter Willey, and that after such judgment should be thus obtained, another action, based upon such judgment, should be instituted by the said McColgan against the said C. Walter Willey and the said Boericke to attack and set aside the said deed of conveyance as fraudulent and void as against the creditors of said C. Walter Willey, but that the said instrument above set forth and the said judgment should not be otherwise made use of, and thereupon the said McColgan and Athearn, taking advantage of his said condition and of his pecuniary necessities, and for the purpose and with the intent aforesaid, induced the said C. Walter Willey to assent to the said proposal.'' That accordingly the said note was, without consideration, delivered to said McColgan, who thereupon, on February 15, 1893, commenced an action against Willey upon the same, and, upon Willey making default, judgment was entered against him, being the judgment upon which this action is brought; that after McColgan procured the said judgment against Willey he had execution issued thereon, which was returned unsatisfied, and, as a creditor of Willey, he brought an action in the superior court of the city and county of San Francisco for the purpose of attacking and setting aside the said trust deed to Boericke, as being fraudulent and void against the creditors of Willey; that McColgan did not succeed in setting aside said trust deed in said action, but judgment was entered in favor of Boericke for his costs. The prayer of the answer is, that plaintiffs take nothing, and that defendants recover their costs. Plaintiffs demurred to the answer, upon the grounds that it does not state facts sufficient to constitute a defense to the complaint and that the defense therein alleged is barred by section 338, subdivision 4, of the Code of Civil Procedure. The trial court sustained the demurrer, and judgment was entered in favor of the plaintiffs. Defendants prosecute this appeal from the judgment, and contend that the court erred in sustaining the demurrer. The facts stated

in the answer must be conceded to be true for the purpose of passing on the demurrer.

It is urged by plaintiffs' counsel that the answer does not allege that the said Willey was incapable of transacting business, as a result of the excessive and constant use of intoxicating liquors at the time of making and entering into the arrangement with McColgan, which is alleged to have been "on or about the first day of February, A. D. 1893," and hence that Willey was *in pari delicto* in making the agreement with McColgan. The language of the answer is that "the said C. Walter Willey, in the month of February, A. D. 1893, and for a long time prior thereto, was improvident and addicted to the constant use of intoxicating liquors, and was thereby incapable of transacting business." It would be a somewhat technical construction to hold that "for a long time prior to the month of February and in the month of February" does not mean during the month of February, and include the date referred to as to the making of the contract. Particularly would this be so where the demurrer is general, and no suggestion therein as to uncertainty. However, we do not deem it essential that we should pass on the question, for the reason that the defendants' testator was not *in pari delicto*. The rule that a party to a fraudulent transaction is not entitled to any relief applies only when the parties are *in pari delicto*. In the transaction detailed in the answer it does not appear that Willey intended to wrong anyone. He wanted the land back that he had conveyed to Boericke, and hence desired to destroy the trust that he had created for his own benefit. His only object in giving McColgan the status of a creditor was so that he might be in a position to attack the conveyance to Boericke. It does not appear that he had any creditors. McColgan certainly was not a creditor, although Willey had agreed to let him sue upon the note and get judgment so as to assume the status of a creditor. It does not appear that there was any intent to defraud anyone, and if anyone was to be defrauded it was Willey himself. The purpose was similar to that of a fine or common recovery at common law. The object of Willey in allowing the judgment to be taken failed. Now the plaintiffs contend, by the demurrer, that they, having obtained said judgment with the avowed purpose of assisting a weakling, without considera-

tion, can make it the basis of a claim against the estate. McColgan proposed to Willey that he allow him to obtain the judgment, and that he could thus attack and set aside the trust deed. He promised Willey that the judgment "should not otherwise be made use of." The courts will see, if the alleged facts are true, that plaintiffs do not use it in order to take the funds of the estate, without consideration, and thus take advantage of their own wrong. "The rule that a debtor is not entitled to any relief against a fraudulent conveyance only applies when the parties are *in pari delicto.* It is founded on principles of public policy for purposes of justice and can never be made the means of sustaining an injustice. If the debtor, therefore, acts under circumstances of oppression, imposition, or undue influence, so that it appears that his guilt is subordinate to that of the grantee, equity will grant relief, not on account of any right in the debtor, but for the purpose of preventing a greater fraud by the grantee. The parties, although *in delicto,* are not *in pari delicto,* and a remedy is given on the ground of *mala fides* in the grantee and the necessity of preventing imposition." (Bump on Fraudulent Conveyances, 3d ed., sec. 436, and cases cited.) The rule was applied in *Donnelly* v. *Rees,* 141 Cal. 58, [74 Pac. 433], where the deed was made with the avowed purpose of defrauding creditors, but by a man who had been for many years addicted to the excessive use of intoxicating liquors, and was persuaded and unduly influenced by greater force of character to make the conveyance without consideration. In support of the rule, see further, *Vitoreno* v. *Corea,* 92 Cal. 69, [28 Pac. 95] ; 1 Story's Equity, sec. 300; *Prewett* v. *Coopwood,* 30 Miss. 369; *Beale* v. *Hall,* 22 Ga. 431; 14 Am. & Eng. Ency. of Law, 2d ed., p. 279, and cases cited.

This brings us to the second question as to whether or not the defense is barred by subdivision 4, section 338, of the Code of Civil Procedure, which provides that an action for relief on the ground of fraud is barred within three years. The note was given and the judgment thereon entered more than three years before the commencement of this action, and hence if the provision of this section applies to a defense, the demurrer was properly sustained. If the defense in such case is barred in three years, we would have the peculiar condition

of the law that a judgment obtained by fraud and without
consideration may be successfully defended for a period of
three years, but for the two years thereafter no such defense
could be made.  We are of opinion that the statute does not
apply to fraud relied upon purely as a defense where no
affirmative relief is sought by the defendant.  If the judg-
ment was procured by fraud and without consideration, a
court of equity will grant relief.  It will grant relief by allow-
ing the facts which vitiate the judgment to be alleged and
proven as a defense to it, and this as long as the judgment is
the foundation for the suit.    So long as the plaintiff is al-
lowed to come into court, seeking to enforce such judgment,
the defendant may allege and prove the fraud as a defense.
The defendants' affirmative action for relief on the ground
of fraud is barred, but the judgment does not become, by
age alone, immune from the infirmities under which it
originated.  In *Hart* v. *Church,* 126 Cal. 479, [77 Am. St.
Rep. 195, 58 Pac. 913], the court said: "It is also true that
where a party seeks relief upon the ground of fraud or mis-
take, the action must be commenced within three years after
the discovery of the facts constituting the fraud or mistake;
but a different case is presented when the party who has pro-
cured the fraudulent contract, or who seeks to take ad-
vantage of it, asks to have it declared valid or to enforce its
executory terms, and is thus himself asking affirmative re-
lief.  The three years statute of limitations does not bar the
defendant in such a case from objecting to the validity or to
the enforcement of the contract upon the ground of fraud.
It is not incumbent upon one who has thus been defrauded
to go into court and ask relief, but he may abide his time
and when enforcement is sought against him excuse him-
self from performance by proof of the fraud." *Hart* v.
*Church,* was quoted with approval in *Evans* v. *Duke,* 140
Cal. 28, [73 Pac. 734], where it is said: "Fraud vitiates
all things, and if by reason of fraud in this case there has
been a total or partial failure of consideration, the defend-
ant, who by his conduct has elected to stand by his contract,
would be entitled to be relieved from payment to the extent
of his damage by the fraud; that is to say, to the extent of
the failure of consideration."  The same rule has been fol-
lowed in South Carolina (*Amaker* v. *New,* 33 S. C. 28, [11

S. E. 386] ; *Jackson v. Plyler,* 38 S. C. 497, [37 Am. St. Rep.
782, 17 S. E. 255]), and in Indiana (*Wilhite* v. *Hamrick,* 92
Ind. 594; *Robinson* v. *Glass,* 94 Ind. 211).

Plaintiffs rely upon *Carpentier* v. *Oakland,* 30 Cal. 444, and
*Swasey* v. *Adair,* 88 Cal. 179, [25 Pac. 1119], as holding to
the contrary. Language is used in *Carpentier* v. *Oakland* to
the effect that where it appears that the fraud set up as a
defense was actually committed more than three years before
the filing of an answer, the answer will be bad on demurrer;
but the question was not before the court, as no equitable de-
fense was pleaded as in this case. It is said in the opinion:
"In this case the plaintiff filed no demurrer to the defense
of fraud, doubtless for the reason that counsel for the de-
fendant claimed that the fraud alleged by him was a legal
and not an equitable defense, and therefore unaffected by
the statute of limitations. . . . Counsel for the defendant
does not claim that he has an equitable defense, but on the
contrary contends that it is a legal defense, and that the
court erred in not allowing him to prove it as such. We ac-
cept the theory of counsel, and shall therefore confine our-
selves to the simple question as to whether, at common law,
in an action of debt upon a judgment of a court of general
jurisdiction, the defendant could show fraud, or a want of
jurisdiction *aliunde.*" In the case at bar no such simple
question is before us. Relief is asked as an equitable defense
against a judgment which was obtained by fraud and with-
out consideration, although the court had jurisdiction. In
*Swasey* v. *Adair* the question was as to whether or not the
defendant was entitled to a jury trial. The court below
had denied a jury upon the ground that the defense set up
was an equitable defense. The language of the court to the
effect that in pleading an equitable right of action as a de-
fense it must be of such a character as may be ripened into
a decree in defendant's favor, was said by way of argument
for the purpose of showing that the answer did not contain
an equitable defense. The court, in the language used
evidently had in mind such an equitable defense as would
entitle defendant to affirmative relief, and when applied to
such a case the statements in the opinion are correct. The
question of the statute of limitations was not raised nor dis-
cussed in the case.

It follows that the court erred in sustaining the demurrer. The judgment is reversed.

Harrison, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 16, 1905.