8761

## TURNER v. POOL *ET AL.*

### (81 S. E. 156.)

Limitation of Actions. Running of Statute. Commencement.

Where defendant, who was in peaceable possession of land under a duly executed deed, knew that plaintiffs had by fraud obtained a second deed from her grantor to the same land, defendant's failure to have the second deed declared invalid will not start the running of limitations so long as no rights are asserted thereunder, for she is entitled to assume that none will ever be asserted, and, being in possession, is not injured by the existence of the deed.

Before Bowman, J., Anderson, May, 1913. Reversed.

Action by S. A. Turner and another against John Pool and others for recovery of an undivided interest in lands, and partition of the same. From an order sustaining a demurrer to the answer, the defendant, Pearson, appeals.

*Messrs. J. Robert Martin* and *John C. Henry,* for appellant. The former cites: *Plea of statute of limitations can not be raised by demurrer:* 22 S. C. 584; 16 S. C. 379; 80 S. C. 224; 70 S. C. 315; Code Civil Proc. 94, 118, 119. *Statute of limitations inapplicable to defense of fraud:* Code Civil Proc. 137, s. d. 6; 93 S. C. 405; 47 S. C. 133; 33 S. C. 28; 340 S. C. 153; 38 S. C. 500　*And to actions for recovery of real estate:* 33 S. C. 28; 34 S. C. 153.　*Or foreclosure suits:* 38 S. C. 500.　*Or actions for partition:* 93 S. C. 397.　*Accrual of cause of action:* 33 S. C. 37; 18 S. C. 532; 7 Rich. Eq. 430.　*The following cases explained:* 44 S. C. 378; 8 Rich. Eq. 130; 11 S. C. 333; 77 S. C. 541; 84 S. C. 256.

*Messrs. Oscar Hodges* and *H. P. Burbage,* for respondents. The latter cites: 84 S. C. 256; 77 S. C. 535; 44 S. C. 378; 33 S. C. 33; 38 S. C. 500; 47 S. C. 126.　*Demurrer proper at any stage of case:* 5 S. C. 10; 11 S. C. 409; 12 S. C. 1; 13 S. C. 439; 17 S. C. 411; 50 S. C. 310 and 514.

March 21, 1914.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Bowman sustaining a demurrer to the answer of Emily C. Pearson, appellant here, to a complaint brought by the respondents for the recovery and partition of certain real estate. The respondents claim as heirs at law, next of kin, and distributees of W. P. Turner, deceased, and allege that Susan Turner, the wife, by deed in her lifetime conveyed the land in dispute to him reserving in herself a lifetime support and the use of the premises; that W. P. Turner lived about four years after his wife, Susan, conveyed the land to him and died; that Susan after his death occupied, used, and enjoyed the premises and proceeds therefrom about 14 years, and died, and then the land under the deed of Susan, the wife, to W. P. Turner, the husband, descended to his heirs at law, etc. Emily C. Pearson alleges that she went into possession of the premises sued for under a deed from her sister, the said Susan Turner, made on January 2, 1902 (which is about nine years after the alleged deed from Susan Turner to her husband, W. P. Turner). She denies that Susan Turner ever executed the alleged deed to W. P. Turner as claimed, and alleges further that if any such deed was executed it was procured by fraud, duress, coercion, and misrepresentation, and that she was in possession and owner under her deed. The cause was referred, reference held, and report filed July 3, 1912. All parties excepted to the report. After reference had been held on April 24, 1913, the plaintiffs gave notice and demurred to the answer of Emily C. Pearson on the ground that it failed to state that the fraud, etc., had been discovered within the statutory period of six years. Upon the hearing on May 20, 1913, his Honor, Judge Bowman, sustained the demurrer, and Emily C. Pearson appeals and challenges the correctness of the order.

The sole question to be determined by this appeal is whether it was necessary for the defendant to allege in her answer that she had discovered the fraud, misrepresentation, and coercion on the part of W. P. Turner within six years prior to the commencement of the action. We think not. The defendant was in peaceable possession of property under a deed claiming it as her own and holding it adversely to the whole world. Even if she had notice that some one else was claiming to be the owner of the property and entitled to possession, she, being in possession, could sit still and was not required to go to the trouble and expense of going into Court to establish her title. Time enough for that when she was sued or called upon in a proper manner in a proper tribunal to assert her rights. Suppose she knew W. P. Turner had a deed and it was obtained by fraud, then she had every reason to assume that there would be no effort made to enforce a claim under a fraudulent deed. His Honor in deciding as he did overlooked the fact that this was not an action brought by a plaintiff to set aside and vacate a deed on the ground of fraud, but was an answer of a defendant in possession of land asserting that a pretended title under which plaintiffs claim was procured by fraud. Where a person is in possession of land rightfully claiming it as owner until proper legal steps are taken against him to oust him, he can remain quiet, even though he hears that others are claiming his property, and when sued can then interpose any legal defense he may have to defeat the cause of action as stated in the complaint. Under the decisions of this Court and the principles established in *Amaker* v. *New,* 33 S. C. 28, 11 S. E. 386, 8 L. R. A. 687; *McGee* v. *Jones,* 34 S. C. 153, 13 S. E. 326; *Jackson* v. *Plyler,* 38 S. C. 500, 17 S. E. 255, 37 Am. St. Rep. 782; *Goforth* v. *Goforth,* 47 S. C. 133, 25 S. E. 40; *Railway Co.* v. *Manufacturing Co.,* 93 S. C. 405, 76 S. E. 1091—the order appealed from is reversed.

Reversed.