CASE 11—PETITION ORDINARY—OCTOBER 19.

# Eastin, Etc., v. Third National Bank of Cincinnati.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

1. NOTES AND BILLS—WHAT CONSTITUTES DISCOUNT.—A discount by a bank means a deduction or drawback made upon its advancement or loan of money upon negotiable paper or other evidence of debt payable at a future day which are transferred to the bank; and when one presents his note to a bank payable to the bank and the bank retains the interest from the face of the note, and puts the remainder thereof to his credit the bank has discounted the note; and the note being under the provisions of the bank charter put upon the footing of a foreign bill of exchange, and it having been assigned by that bank before its maturity to another bank, the obligors in the note can not plead as a set off against it, any claim they may have against the original holders.

J. G. & R. H. WINN FOR APPELLANTS.

1. The transaction between the appellants and the Farmers' Bank lacked the chief requisite necessary to comprise a discounting, and that was that there was no chose in action or evidence of debt in existence which could be the subject of an assignment and no negotiable paper or other evidence of debt which was or could have been transferred to the bank. Flexner v. Bank of U. S., 8 Wheaton, 339; Nicholson v. National Bank, 92 Ky., 255; Sanders v. Bank of Ky., 2 A. K. Mar., 348.

2. Rigid interpretation should be given against corporations which claim the benefits of provisions or rights conferred upon them by reference to a charter of other corporations, and in cases of doubt as to the rights and powers conferred the doubt must be resolved in favor of those against whom the corporation is asserting its claims under its charter. R. R. Co. v. Warren County Court, 10 Bush, 724.

TYLER & APPERSON FOR APPELLEES.

1. A discount is the interest reserved from the amount lent from the time of making the loan. Flexner v. Bank of U. S., 8 Wheaton, 337; Nicholson v. National Bank, 92 Ky. 255; A. & E. Enc. of Law, vol. 5, pp. 678 and 679 and notes.

2. The provisions of special charters upon questions affecting commercial paper have been universally upheld where they are in conflict with the general law.

3. Under the provisions of the charter, the note in question was at once placed upon the footing of a foreign bill of exchange when it was first discounted by the Farmers' Bank and when a note is once so placed it retains that form ever afterwards.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellants, T. H. Eastin and L. D. Wilson, presented for discount at the New Farmers' Bank at Mt. Sterling, Ky., their promissory note for $3,000, negotiable and payable at that bank, and to it or its order six months after date. The bank accepted the note and deducted and retained $120, which was equivalent to 8 per cent. on $3,000 for six months, and placed to the credit of Wilson, $2,880. Before the maturity of the note the New Farmers' Bank assigned it to the Third National Bank of Cincinnati, Ohio. Before the note matured the New Farmers' Bank assigned for the benefit of its creditors. The note was duly protested for non-payment. Between the time the note was executed and the suspension of the New Farmers' Bank, Wilson deposited to his credit in that bank, $1,689.72, and that sum was on deposit when the bank assigned. The appellants seek to have this sum credited on the note. There was an amendment to the charter of the New Farmers' Bank (volume 1, page 262, Acts of 1889 and 1890), and one of its provisions is as follows: "All promissory notes and bills of exchange made payable and negotiable at its office or banking house, or any bank incorporated under any law of the Commonwealth or organized in this Commonwealth under any of the laws of the United States, when discounted by this corporation shall be, and are hereby, put upon the footing of foreign bills of

[5]

exchange, and like remedy may be had thereon jointly and severally against the makers, drawers and endorsers."

The note was negotiable and payable at the New Farmers' Bank, and, in our opinion, was discounted by that bank. If it was so discounted and placed upon the footing of a foreign bill of exchange, then the appellants were not entitled to have offset against the note in the hands of the Third National Bank of Cincinnati the sum mentioned. The note having been discounted at the New Farmers' Bank, and thus placed upon the footing of a foreign bill of exchange, that character and quality continued in the hands of the appellee, the Third National Bank of Cincinnati, Ohio. It is contended the facts do not show the note was discounted. So the case turns upon what is meant by discount. The bank deducted the $120 as interest from the amount lent at the time the loan was made; in other words, took the interest in advance at the rate of 8 per cent. for six months.

In Bouvier's Law Dictionary discount is defined to be "interest reserved from the amount lent at the time of making a loan."

The Century Dictionary defines discount in finance, "to purchase or pay the amount of in cash, less a certain per cent., as a promissory note, bill of exchange, etc., to be collected by the discounter or purchaser at maturity." * * * Bank discount is simple interest paid in advance and received, not on the sum advanced in the purchase, but on the amount of the note or bill. Counsel for appellants cites Flexner v. Bank of the U. S., 8 Wheaton, 461, to sustain his position, but we are of the opinion that it sustains the opposing view. The court said: "What is it to discount?

Has it not a right to take an evidence of the debt which arises from the loan? If it is to discount, must there not be some chose in action or written evidence of a debt, payable at a future time, which is to be the subject of the discount? Nothing can be clearer than that by the language of the commercial world, and the settled practice of banks, a discount by a bank means *ex vi termini* a deduction or drawback made upon its advances or loans of money upon negotiable paper, or other evidences of debt, payable at a future day, which are transferred to the bank."

We think when the appellants presented the note to the New Farmers' Bank, and the bank retained the interest and credited Wilson with the balance of the note, that the bank discounted it. We agree with counsel that when a corporation claims privileges and rights conferred upon it by reference to charter of another corporation, that it should be construed strictly against the corporation where the rights of others are affected. In case there is a doubt as to the rights and powers conferred, such doubt should be resolved in favor of those against whom the corporation is asserting claim under its charter, but in this case no doubt can exist as to what rights and privileges were conferred by the amendment of the charter of the New Farmers' Bank, hence the rule invoked is not applicable to this case.

The judgment is affirmed.