RHEA *v.* BAGLEY.

Opinion delivered January 7, 1899.

1.   NATURAL GUARDIAN—LIABILITY—DEFENSE.—In a suit to hold the estate
of a father liable for rents collected by him as natural guardian from
land belonging to his infant sons, his administrator may make defense
that the rents so collected were expended by him, wholly or in part, in
making improvements on such property, and need not set up such mat-
ter by way of counter-claim or set-off.   (Page 97.)

2.   ADVANCEMENT—WHAT IS NOT.—The fact that the land from which the
rents were collected was itself an advancement, the purchase money
being supplied by the father and title taken in name of his sons, will

not make the expenditure of the rents in improving the property like-
wise an advancement.  (Page 97.)

3.  STATUTE OF LIMITATIONS — WHEN DEFENSE NOT BARRED. — In a suit
against the administrator of a natural guardian to hold the latter's
estate liable for rents collected by him from land belonging to his infant
sons, the defense that such rents were employed, wholly or in part, in
improving the land will not be barred by lapse of time, but may be
made whenever suit is brought.  (Page 98.)

Appeal from Lawrence Circuit Court, Eastern District.

RICHARD H. POWELL, Judge.

### STATEMENT BY THE COURT.

The facts which gave rise to this litigation are concisely
stated in the opinion rendered in this case January 23, 1897,
and are as follows:

"Moses B. Rhea purchased of Mrs. A. Mary Boas two lots,
and paid for the same.  She conveyed them, at the request of
the purchaser, to his two minor sons, James M. and W. P.
Rhea, by deed bearing date the first day of March, 1887; the
father 'remarking at the time that he gave the property to the
boys.'  The sons having no curator or guardian, the deed was
delivered to the father, and he took 'charge' of the lots, 'and
collected all the rents arising from the same up to the date of
his death,' which occurred in March, 1893.  After his death,
James M. Rhea and G. A. Henry, as guardian of W. P. Rhea,
presented an account against his estate for the rents collected
by him, amounting to $2,511, properly sworn to, which was
disallowed by the probate court.  On appeal to the circuit court,
it was admitted by all parties as evident that the amount of
rents collected by the deceased in his lifetime was substantially
the amount claimed in the account presented.  The claim was
disallowed by the circuit court, and the plaintiffs appealed."

The court held that the conveyance of the lots to the two
minor sons, at the request of the father, was an advancement;
the conveyance vested the title in them, and they became enti-
tled to the possession of the property from the time of the de-
livery of the deed to their father; and, no interest in the lots
being conveyed to or retained by the father, they were entitled
to recover of his estate all rents collected by him.  The judg-

ment was therefore reversed, and the cause remanded for a new trial. *Rhea* v. *Bagley*, 63 Ark. 374.

The mandate was filed in the circuit court on the 24th of February, 1897, and the defendant, on the 20th of March, 1897 (four years after the account was first presented to the administrator and after it had been disallowed by the administrator, the probate court and the circuit court on appeal), filed the following counter-claim:

"The defendant, for counter-claim to plaintiff's cause of action, says that his intestate, M. B. Rhea, is entitled to be credited as follows:

> "1882.   To extending barber shop
>     on lot No. 3 ................$  200  00
> "1889.   To building restaurant on
>     lot No. 2 .................    300  00
> "1892.   To cost of building brick
>     house on lot No. 2 .......... 1,357. 00
> '1889 to 1891.   To taxes paid five
>     years $20.10 per year........   100  50
> "1892.   To taxes paid by ad-
>     ministrator................    20  10
>         Total ..................$1,977  60

On the same day the plaintiffs filed a motion to strike said counter-claim from the files of the court, assigning the following reasons:   (1)   Because defendant's claim was not set up and pleaded while the case was pending in the probate court when plaintiff's suit was originally brought and first adjudicated;   (2) Because the improvements made by defendant's intestate were an advancement to plaintiffs;   (3) Because defendant's claim is barred by the statute of limitations,—which motion to strike was overruled by the court, and to which ruling of the court the plaintiffs at the time excepted.

Thereupon plaintiffs replied to the counter-claim of defendant, interposing as a defense the statute of limitation of three years, and alleging that whatever improvements plaintiffs' ancestor put upon the lots of plaintiffs were put there as an advancement, and are not properly chargeable against plaintiffs.

The cause was submitted to the court sitting as a jury, upon the agreed statement of facts that the plaintiffs' ancestor made the improvements of the value and paid taxes to the amount claimed by defendant in his counter-claim, and that the claim of plaintiffs for rents amounts to $2,511. The court off-set the claims of plaintiffs with the counter-claim of defendant, and rendered judgment in favor of plaintiffs for the balance of $513.50.

On the same day plaintiffs filed a motion for a new trial, alleging that the court erred: (1) In holding that defend-ants' counter-claim could be filed and considered in the circuit court, when the same had not been pleaded or set up in the probate court below; (2) in not holding defendants' counter-claim to be barred by the statute of limitation; (3) in not holding that the improvements made by plaintiffs' ancestor were an advancement and could not be set-off against their claim for rents; and (4) in setting off the counter-claim against plaintiffs' claim for rents, which motion was by the court overruled. To which ruling of the court plaintiffs ex-cepted, had their exceptions noted of record, and prayed an appeal to the supreme court, which was granted.

*Jas. K. Gibson, Jas. M. Moore* and *W. B. Smith,* for appellants.

A counter-claim or set-off, not pleaded in justices' or probate court, cannot be pleaded in circuit court, on appeal. 25 Ark. 15; 44 Ark. 376; 48 Ark. 353; Sand. & H. Dig. § 4447. Nor can it be pleaded after the case is remanded for a new trial in circuit court. 62 Ark. 78. The claim which appellee at-tempts to set-off is barred by limitations. If the statute com-mences to run during the lifetime of the creditor, it is not suspended until a personal representative is appointed after his death. 16 Ark. 612; Angell, Lim. (5 Ed.) 47; 31 Ark. 377; 17 Ark. 539. The conveyance of lands by the father was an advancement. 63 Ark. 376. The improvements subse-quently made thereon by him, in the absence of proof of a con-trary intention, must be considered a part of the advancement. 43 Ark. 484; 48 Ark. 20; 47 Ark. 65; 52 Ark. 180.

*Chas. Coffin,* for appellee.

HUGHES, J., (after stating the facts). It is contended by the appellant that the appellee, the defendant below, in his defense in the circuit court set up a counter-claim, which he had not relied upon in the probate court, and that it was a new cause of action, which could not be set up in defense upon appeal to the circuit court, as it was not relied upon in the probate court. Causes upon appeal to the circuit court are tried *de novo*, and a defendant may make his defense to the action in that court as he could have done in the court below. While, on appeal to the circuit court, no new cause of action, or cause of action not tried below, can be heard, yet a defendant may say, as in this case, that he does not owe the plaintiff, or that he has paid or satisfied the plaintiff's demand in whole or in part, and the defense would be proper, and would not be a new cause of action, but merely a defense to the action. We are of the opinion that the defense in this case was not a counter-claim or set-off, and that it was legitimate.

The father was the natural guardian of his sons in this case. Acting in the exercise of a sound discretion for their interest, he doubtless invested the rents received from their property by him in making the improvements upon it that it might be productive, and has thus wisely expended the rents received for their benefit. To allow the appellants to recover the rents in this case, without accounting for the amounts expended for improvements upon the property which produced the rents, would be to give them their rents twice.

It is true that the lots themselves were an advancement, as held by this court in this case when first here, but the lots were paid for with the father's own money. There was no pretence or contention that the rents received by the father were not expended in making improvements upon the property of his minor sons. In fact, that is conceded by the pleadings and issues made in the case. The only contention of the appellees is that the value or cost of these improvements, (1) could not be considered in the circuit court, the same not having been claimed below; (2) that defendant's claim was barred by the statute of limitations; (3) that the improvements were an advancement; (4) that

the court erred in allowing the claim for expenditures for improvements. It makes a different case from that where the father bought the lots with his own money in the name of his sons, and there was nothing to show that he did not intend the purchase as an advancement. We are of the opinion that the expenditure of the rents in making the improvements was not an advancement.

The defense of the defendant was not barred by the statute of limitations, as he had a right to make it when the suit was brought.

There was no error in the judgment of the court save in this, that the court failed to deduct from the defendant's claim for expenditures for improvements the first item in the account for improvements of two hundred dollars, which the account itself shows was made in extending a restaurant before the lots were conveyed to the minor sons of the father. This extension was made in 1882. The conveyance in 1887.

Wherefore the judgment is modified by adding two hundred dollars to the recovery of the plaintiff, which will make their recovery $713.50, instead of $513.50 in the court below. With this modification the judgment is affirmed.