CASE 23—ACTION ON NOTE—OCT. 14.

# Louisville Banking Co. v. Buchanan.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

BILLS AND NOTES—LIMITATION.—A promissory note executed directly
    to a bank for money loaned is not on the footing of a foreign
    bill of exchange within the meaning of section 483 of the Ken-
    tucky Statues; and the five-year statute of limitations applicable
    to bills of exchange has no application to an action on such note.

BARNETT, MILLER AND BARNETT FOR APPELLANT.

1. This suit was filed June 1, 1896, upon Buchanan's promissory
    note of February 8, 1888, to the bank for $6,700 borrowed money,
    The only defense is five years' limitation, upon the theory that
    the note has been placed upon the footing of a bill of exchange.
    No evidence was taken, but the case was tried upon defendant's

motion for a judgment upon the face of the pleadings and the note, whereupon a judgment was given for defendant. Ky. Stats., sec. 483, "contracts": Idem, sec. 2516, "Limitation of Actions."

2. In order to place a promissory note upon the footing of a foreign bill of exchange, under section 483 of the Ky. Stats., four separate facts must exist, viz:

(a) The bank holding the note must not be a party to the note;

(b) The note must be negotiable and payable at a bank, and must be between persons other than the bank.

(c) The note must be endorsed to the bank, by the payee or holder; and,

(d) The note must then be discounted by the bank, by taking out the interest in advance and paying the proceeds to the endorser or holder. Discount necessarily implies a transfer from a third party. Ky. Stats., sec. 483.

3. The note was never endorsed by anybody, and is still held by the original payee the Louisville Banking Company. Nicholson v. National Bank of New Castle, 92 Ky., 255; 5 Am. & Eng. Ency. of Law, 678; Triplett v. Holly, 4 Litt., 139; Stevens v. Gregg, 89 Ky., 466; Fleckner v. U. S. Bank, 8 Wheaton, 350; National Bank v. Jonnson, 104 U. S., 276; Newell v. First Nat. Bk., 13 Ky. Law Rep., 777; Toll v. Farmer's Nat. Bk., 13 Ky. Law Rep., 682; Maples v. Traders Deposit Bank, 15 Ky. Law Rep., 879.

4. The note was never discounted by plaintiff. The record wholly fails to show that Buchanan ever paid the bank any interest; on the contrary, the answer says that Buchanan borrowed $6,700.00 from the bank. Fleckner v. U. S. Bank, 8 Wheaton, 350. In Eastin v. Third Nat. Bk. of Cincinnati; 19 Ky. Law Rep., 1043, the bank's charter was in evidence and it actually discounted the note by deducting $120 interest in advance. Neither of these distinguishing features exists in the case at bar.

5. (The plaintiff's charter has not been pleaded by either plaintiff or defendant. Section 119-2 of the Civil Code expressly requires that in pleading a private statute it shall at least be necessary to plead it "by stating its title and the day on which it became a law." Zable v. Louisville Baptist Orphans' Home, 92 Ky., 91; If the charter had been pleaded, it could not change the general law of the State. Payne v. Bank of Bowling Green, 10 Bush, 176.

BULLITT & SHEILD FOR APPELLEE.

The note sued on is a bill of exchange within the statute. Newman v. Evans, 5 Ky. L. R., 603; 5 Am. & Eng. Ency. of Law,

679; People v. Metr. Bank, 7 How., Pr. N. Y., 149; Nicholson v.
National Bank of New Castle, 92 Ky., 251; Newell v. First Nat.
Bk. of Somerset, 13 Ky. L. R., 775; Maples v. Traders Deposit
Bank, 15 Ky. Law Rep., 879; Eastin v. Third Nat. Bank, 19 Ky.
Law Rep., 1043.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

On the 1st day of June, 1896, the appellant instituted
its action at law, asking a personal judgment against the
defendant, Thomas S. Buchanan, upon a note for $6,700,
with interest thereon from the 11th day of June, 1888.
The note sued on, which is filed as an exhibit with the pe-
tition, is as follows: "$6,700.    Louisville, Ky., Feb. 8,
1888.  Four months after date, I promise to pay to the
order of the Louisville Banking Company, sixty-seven hun-
dred dollars, value received, negotiable and payable at
the office of said company; and I hereby pledge, first, as
security therefor, and, second, as security for any other
debt I may now or hereafter owe said bank, 286 hhds.
of tobacco, of which were delivered 2/8/88, for rehandling,
and    agree    that    the    Louisville    Banking    Company
may    sell    said    collateral    for    cash    at    my    expense,
either  by  private  sale  or  by  auction,  at  any  auc-
tion  house  in  the  city  of  Louisville,  for  the  pur-
pose of paying this note, provided it is not paid at ma-
turity.  And, provided, also, that, if sold by auction, three
days' notice of said intention to sell must first be given
by advertisement in some daily newspaper published in
Louisville. [Signed] Thos. S. Buchanan."

Appellee for defense says that by the statute the obli-
gation sued on is placed upon the footing of a bill of ex-
change; that it became due and payable on the 8th day
of June, 1888, more than five years before the institu-
tion of this suit—and pleads and relies upon the five-years
statute of limitation in bar of any recovery.

Appellant in its reply denied that the obligation sued on was on the footing of a bill of exchange, or that it was barred by the five-years statute of limitation.

The court adjudged the facts stated in the reply insufficient, and dismissed plaintiff's petition; hence this appeal.

Section 2515 of the Kentucky Statutes provides that:

"An action upon a bill of exchange, check, draft or order, or any endorsement thereof, or upon a promissory note, placed upon the footing of a bill of exchange, shall be commenced within five years next after the cause of action accrued."

The question therefore to be determined is, does the obligation sued on stand upon the footing of a bill of exchange? This question must be determined in the light of section 483 of the Kentucky Statutes, which reads as follows:

"Promissory notes payable to any person or to a corporation, and payable and negotiable at any bank incorporated under any law of this Commonwealth, or organized in this Commonwealth under any law of the United States, which shall be *indorsed to*, and discounted by, the bank at which the same is payable, or by any other of the banks in this Commonwealth, as above specified, shall be, and they are hereby placed on the same footing as foreign bills of exchange."

Before a note is placed upon the footing · of a foreign bill of exchange, under this provision · of the statute, these separate and distinct facts must exist: First. It must by its terms be made payable to some person or corporation, and must be payable and negotiable at a bank incorporated under a law of this Commonwealth or of the United States; second, it must

be indorsed to the bank by the payee or holder thereof (that is, it must be transferred by such indorsement); third, it must be discounted by the bank, by taking out the interest in advance, and paying the balance of the proceeds of such note to the vendor thereof.

The language of the statute necessarily implies that, before an ordinary promissory note can be placed upon the footing of a foreign bill of exchange, it must be payable to some person or corporation other than the bank which discounts it; otherwise, there would be no significance to the provision of the statute which requires it to be indorsed to the bank.

The note sued on was never indorsed by any person or corporation, and it was not acquired by appellant in any transaction with any other person than appellee, and no question as to the rights of an innocent purchaser for value arises. It is simply a case of the direct borrowing of money, and, as against appellant, appellee was entitled to rely upon any and all defenses which would have been available against the note in the hands of a private person.

In the case of Eastin v. Third National Bank of Cincinnati, 102 Ky., 64, [42 S. W., 1115], the original payee in the note had, before the maturity thereof, discounted and indorsed it for value received to the Third National Bank of Cincinnati, and the suit in that case was in the name of the assignee against the original payor.

The plaintiff's charter was not pleaded or relied on in any way upon the trial in the court below, and is therefore not available for any purpose upon this appeal; but from an examination of section 13 (the section relied upon by appellee in his brief), in what purports to be the

[9]

charter of appellant, attached to the brief of appellee, it shows that this provision of their charter is substantially the same as that of the General Statute. We are of the opinion that the obligation sued on is not upon the footing of a bill of exchange, and that the five-years statute of limitation does not bar recovery thereof.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.