CASE 116—ACTION BY LOUISVILLE BANKING CO. AGAINST THOMAS S. BUCHANAN ON A NOTE.—APRIL 20.

## Louisville Banking Co. v. Buchanan.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS FIRST DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    REVERSED.

LIMITATION—APPLICABILITY TO DEFENSES—JUDGMENT—RES JUDICATA.

Held:    1. Where, to an action on a note, defendant pleaded a discharge in bankruptcy, which plaintiff sought to avoid on the ground that the note was procured by fraud, and, under section 17 of the bankrupt act (Act Cong., July 1, 1898, c. 541, 30 Stat., 550 [U. S. Comp. St., 1901, p. 3428] ), was therefore unaffected by the discharge, defendant could not set up Kentucky Statutes, 1903, sections 2515, 2519, limiting the time of commencement of actions for relief on the ground of fraud, as the statute applies to actions, and not defenses, and defendant's plea went not to the cause of action, but to the defense—i. e., to the effect of the discharge in bankruptcy.

2. A decision on appeal that the five-year limitation had no application to the action at bar, which was on a note, based on the ground that the note had not been placed on the footing of a bill of exchange by discount, was not an adjudication that limitations could in no event be pleaded to the action, so as to preclude defendant from setting up limitations to a reply alleging fraud in the procurement of a discharge in bankruptcy set up in an answer filed by defendant after remand to the lower court.

SHACKELFORD MILLER, AND BARNETT & BARNETT, FOR APPELLANT.

### POINTS AND AUTHORITIES.

1. This is the second appeal upon an action, filed June 1, 1896, upon Buchanan's four months' note of February 8, 1888,

to the Louisville Banking Company for $6,700, borrowed money. Upon the former appeal this court held the note was not upon the footing of a foreign bill of exchange, and was not barred by limitation. Louisville Banking Co. v. Buchanan, 107 Ky., 125, 21 Ky. Law Rep., 756, 52 S. W., 967.

Upon the return of the case Buchanan plead his discharge in bankruptcy, to which plaintiff replied that this money was obtained by fraud, and therefore not included in the discharge by its terms, but was expressly excluded by the 17th section of the bankrupt act of July 1, 1898. Buchanan rejoined that the fraud was committed more than ten years before, and "more than ten years before the filing of said plaintiff's reply." The circuit court sustained the plea and dismissed the action.

2. "In construing statutes of limitation the courts have inclined to follow the literal expresssion of the legislative will." McDonald's Exrs. v. Underhill's Exr., 10 Bush, 590; Sutherland on Statutory Construction, sec. 368.

The statute in terms applies limitation to actions, not to defenses. Kentucky Statutes, secs. 2513, 2519, 19 Am. & Eng. Ency. of Law, p. 153; Rhea v. Bagley, 66 Ark., 93; Robinson v. Glass, 94 Ind., 211; Amaker v. New, 33 S. C., 28, 8 L. R. A., 687; Jackson v. Plyler, 38 S. C., 496, 37 Am. St., 782; Goforth v. Goforth, 47 S. C., 126; Hart v. Church, 126 Cal., 471; Grover's Exr. v. Tingle, 21 Ky. Law Rep., 885, 53 S. W., 281; Avritt v. Russell, 22 Ky. Law Rep., 752, 58 S. W., 281.

Likewise, although a parol contract for the sale of land can not be enforced, it is good as a matter of defense, because the statute of frauds forbids actions only upon parol contracts and not defenses. McCampbell v. McCampbell, 5 Litt., 94; Cornellison v. Cornellison, 1 Bush, 150; Hite v. Hise, 6 Ky. Law Rep., 363.

3. If the statute of limitation could be so construed as to apply to defenses, the institution of this action on June 1, 1896, stopped the running of the statute. 19 Am. & Eng. Ency. of Law, 182, 185; Walker v. Clements, 15 Q. B., 1046, 69 E. C. L., 1046; Williams v. Lenoir, 81 Baxt., 297; Perkins v. West Coast Lumber Co., 120 Cal., 27; Campbell v. Hughes, 73 Hun., 14; Williams v. Gilchrist, 3 Bibb, 49; Gilchrist v. Williams, 3 A. K. M., 235; Hays v. Goodwin, 4 Met., 83 (citing Walker v. Clements, supra.)

4. The question of limitation having been decided upon the former appeal is *res judicata*. Louisville Banking Co. v. Buchanan, 107 Ky., 125; Davis v. McCorkle, 14 Bush, 751; Williams v. Rogers, 14 Bush, 781; Jones Admr. v. Bank, 78 Ky., 424;

Smith v. Brannin, 79 Ky., 119; Francis v. Wood, 81 Ky., 22; Far. & Ship. Tob. W. Co. v. Gibbons, 24 Ky. Law Rep., 1671.

5. The plea of limitation was improperly allowed in the rejoinder. Bullitt's Civil Code, sec. 99 and note (d), p. 142; Barbaroux v. Barker, 4 Met., 48; Gilmour v. Green, 14 Bush, 772.

D. W. SANDERS, ATTORNEY FOR APPELLEE.

1. On the former appeal the question was whether or not the note sued on had been discounted and placed upon the footing of a bill of exchange, and if so, then the action was barred by the five years' statute of limitations.

2. On this appeal the question presented by the plea of limitation is, whether or not the Banking Company, more than ten years after the commission of the alleged fraud, can avail itself, in a reply of this fraud, to defeat the effect of Buchanan's discharge in bankruptcy.

3. It is not denied that more than ten years elapsed between the perpetration of the alleged fraud, and the filing of the reply herein.

4. The plea of fraud is not interposed by Buchanan as a defense to the note; on the contrary the plea of fraud is interposed by the Banking Company in its effort to defeat the effect of the discharge in bankruptcy.

5. Buchanan pleads his discharge as relief against the payment of the note. The Banking Company replies that Buchanan committed a fraud not in obtaining his discharge, but in obtaining the money for which the note was executed.

6. We insist that when new matter is introduced into the pleadings in any case, the statute of limitation may be relied on as to such new matter, and time computed until the introduction of the new matter.

7. It can make no difference whether the bank pleaded the fraud by way of reply or by way of amended petition. The principle is the same: it is the interposition of new matter, and a new cause of action, and the statute applies.

8. As to the question of res judicata. The only question decided on the former appeal was the question of limitation, but the limitation then and there decided was the five years' limitation as a bar to an action on a note which had not been placed on the footing of a bill of exchange. Now, the question of limitation is as to the charge of fraud made by the bank in its effort to defeat the effect of the discharge in bankruptcy, and this question was not and could not have been presented in the

former appeal, because on the former appeal the bank had not charged in the original petition that Buchanan had committed fraud in obtaining the money for which the note was executed.

OPINION OF THE COURT BY JUDGE SETTLE—REVERSING.

This case is before us on a second appeal. After the filing of the record on this appeal, Thomas S. Buchanan, in whose favor the judgment went in the court below, died intestate, and by order of revivor Percival Moore, administrator of his estate, was substituted as appellee. On February 8, 1888, Buchanan borrowed of the appellant, Louisville Banking Company, $6,700, for which the note in controversy was executed, payable four months after date. On June 1, 1896, this action was instituted upon the note against Buchanan by appellant, and judgment prayed for the amount thereof, with interest from June 11, 1888. Among other defenses relied on in the answer was the plea of the five-years' statute of limitation, it being averred therein by Buchanan that the note sued on had been discounted by appellant and thereby placed upon the footing of a foreign bill of exchange, and that, as more than five years elapsed between the maturity of the note and the institution of the action thereon, the five-years' statute of limitation barred a recovery.

Upon the trial of the case the lower court rendered judgment sustaining the plea of limitation and dismissing the action. An appeal was taken from that judgment, and on November 20, 1899, this court held that the note was not on the footing of a bill of exchange, and therefore that the action was not barred by the five-years' statute of limitation. Consequently, the judgment of the lower court was reversed, and the cause remanded for further proceedings. Louisville Banking Company v. Buchanan, 107 Ky., 125, 21

R., 756, 52 S. W., 967. After the return of the case to the lower court, to-wit, December 2, 1899, Buchanan, who during the pendency of the appeal had filed his petition in bankruptcy and obtained a discharge from his debts, filed a supplemental answer to the appellant's petition, in which he pleaded and relied on his discharge in bankruptcy in bar of any recovery upon this note. On February 26, 1900, appellant filed a reply to the supplemental answer, in the second paragraph of which it was averred that his discharge in bankruptcy did not release Buchanan from the payment of the note sued on, as he procured from appellant the money for which it was given by fraud, and that by the provisions of the bankrupt law, as well as by the terms of the discharge itself, that instrument does not operate as a release from debts created by the fraud of the bankrupt. A demurrer filed by Buchanan to the second paragraph of the reply was overruled, and he thereupon filed a rejoinder, in the third paragraph of which limitation was pleaded; it being therein alleged that the fraud complained of in the reply, if any there was, "was committed more than ten years before the filing of said plaintiff's reply, . . . and that more than ten years have elapsed since plaintiff discovered said alleged fraud." A demurrer to this paragraph, and also a motion to strike it out, were filed, but both were overruled, and appellant then filed its surrejoinder, the second paragraph of which controverted the plea of ten-years' limitation relied on by Buchanan. The third paragraph set out the former plea of the five-year statute of limitation made by Buchanan, and which this court held did not apply to the note sued on, and relied upon the decision of this court as an adjudication of that question, and a bar to the right of Buchanan to rely upon the ten-

year statute pleaded in the rejoinder. The fourth para-
graph recited the facts relating to Buchanan's discharge
in bankruptcy, and averred that it was not until then that
appellant could plead the fraud of Buchanan, which is
relied on only in avoidance of his plea of a discharge in
bankruptcy. By agreement of the parties the case was
submitted to the judge of the lower court upon the issues
of res judicata and limitation raised by the pleadings, and
as evidence upon these issues the pleadings in the case of the
Louisville Banking Company v. Buchanan and Crowder
et al., were filed and made a part of the record. The court
upon the trial, sustained the plea of limitation and dis-
missed the petition. Appellant entered motion and grounds
for a new trial, but the motion was overruled, and he com-
plains of the judgment, and seeks its reversal.

The only question presented by the record for our con-
sideration is, did Buchanan's plea of ten years' limitation
bar a recovery upon the note? It may be remarked that
section 17 of the present bankrupt act (Act Cong. July 1,
1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]) ex-
pressly excepts from the discharge that may be granted a
bankrupt debt created by fraud. Indeed, it does not seem
to be denied by counsel for appellee that, if the money for
which the note was executed by Buchanan was obtained
by fraud, his discharge in bankruptcy did not relieve him
from liability upon the note. The sole contention on be-
half of his administrator is that there can be no recovery
by appellant upon the note, because the fraud was com-
mitted more than ten years before the reply complaining
thereof was filed. Section 2515, of the Kentucky Statutes
of 1903 provides: "An action for relief on the ground of
fraud or mistake . . . shall be commenced within five

years next after the cause of action accrued." Section
2519, Ky. St. 1903, provides: "In actions for relief for
fraud or mistake, or damages for either, the cause of action
shall not be deemed to have accrued until the discovery
of the fraud or mistake; but no such action shall be brought
ten years after the time of making the contract or the
perpetration of the fraud." It is manifest from the lan-
guage of the statutes, supra, that both refer to actions for
relief on the ground of fraud or mistake, In 19 Am. &
Eng. Ency. of Law, 153, it is said: "The statutes [of limita-
tion] effect remedies, not defenses. But the word 'de-
fenses,' as here used, is limited to matters purely of de-
fense, and does not embrace matters which may be used
as the basis of a counterclaim or a cross-petition. The
rule is further qualified in many of the States by statutory
provisions and judicial decisions to the effect that a claim
sought to be used as a set-off can not be so pleaded un-
less it appears that it was not barred when the plaintiff's
action was begun." We have examined the authorities
cited by counsel for appellant, and find that they support
the doctrine announced in the above quotation. Among
the authorities referred to is the case of Amaker v. New,
33 S. C. 28, 11 S. E. 386, 8 L. R. A. 687, the facts of which
appear to be as follows. One Inabnet being financially
involved, and unable to pay his debts, in 1866 made a volun-
tary conveyance by deed of 300 acres of land, all he owned,
to his son-in-law, Bennett, in trust for the grantor's wife
for life, with remainder to his children. The land was
levied upon and sold in 1868 under nulla bona proceedings
at the suit of Sistrunk, a creditor of Inabnet, at which
sale Sistrunk became the purchaser, and thereafter got
possession of the land. In the meantime Inabnet died, and

his widow, by proceedings in and judgment of the probate court, was allotted in 1869 as dower 158½ acres of the 300 acres of land. Sistrunk died in 1884, and the 158½ acres of land were included in partition proceedings between his heirs, and were sold, subject to the widow's doer, to Amaker, in 1885. In the following year the widow, Mrs. Inabnet, died, and her daughter, Frances New, thereupon took possession of the dower land. Amaker sued in ejectment to recover the land of Mrs. New, claiming it under his deed from Sistrunk's heirs. Mrs. New resisted the recovery of the land by Amaker, and relied upon the statute of limitation, which in South Carolina is six years, insisting that Amaker's grantor, Sistrunk, should have sued to set aside the voluntary conveyance within that time after obtaining his title, and the lower court so adjudged. But upon appeal to the Supreme Court of the State, that tribunal, in an opinion by Judge McIver, said: "The 'plea of the statute,' as it is called (improperly, as I think for such a plea must be directed to the cause of action set forth in the complaint), is not directed to the plaintiff's cause of action, but is interposed as a protection against an attack made by the plaintiff upon the defense set up by defendants. The plaintiff having made out a prima facie title, as shown by the refusal of the motion for a nonsuit, to which no exception was taken, the defendants undertook to show a superior title in themselves under the deed in question, and surely the plaintiff was entitled to show any defect in that deed which would render it insufficient to vest title in the defendants, either by showing that it was not under seal, or not executed in the presence of two subscribing witnesses, or that the grantor was non-compos, or that it was not recorded. If so, why may it

not also be shown that it was void for fraud? I do not understand that it was ever the rule that a deed or other instrument could not be attacked for fraud after the lapse of the prescribed time, in any way, but only that it could not be attacked by an action instituted for that purpose. I can very well understand how the law, from considerations of public policy, may forbid one from invoking its aid by bringing an action to set aside a deed for fraud after the time limited for the purpose; but I am unable to understand upon what principle either of law, equity, or good morals, one who had made out a prima facie case for the relief he demands can be forbidden from showing that the defense set up against his claim is founded in fraud, simply because such fraud has been committed so long ago as to bar an action brought to obtain relief from such fraud; but I do not think any case can be found which could sustain such a doctrine." In Jackson v. Plyler, 38 S. C. 496, 17 S. E. 255, 37 Am. St. Rep. 782, the same doctrine was upheld, and the case of Amaker v. New, supra, cited and approved, and again adhered to in Goforth v. Goforth, 47 S. C. 126, 25 S. E. 40. In all these cases the facts were in many respects similar to those of the case at bar.

We also find the courts of last resort of Arkansas, Indiana and California to be in full accord with the Supreme Court of South Carolina upon the question under consideration. Rhea v. Bagley, 66 Ark. 93, 49 S. W. 492; Robinson et al v. Glass, 94 Ind. 211; Hart v. Church, 126 Cal. 471, 58 Pac. 910, 77 Am. St. Rep. 195. In Hart v. Church, supra, it appears that a note and mortgage were executed by Mrs. Hart through the compulsion of her husband, and that she subsequently brought suit to cancel them. By cross action

Church set up the mortgage, and asked that it be enforced, to which Mrs. Hart answered, pleading the fraud by which the note and mortgage were procured to be executed by her. Church replied, relying on limitation. Upon the issues thus presented the Supreme Court of California said: "It is insisted that the complaint itself shows a lack of equity, in that plaintiff's delay in commencing her action for cancellation is not sufficiently explained; and it is argued that the same omissions which render her complaint defective make her defense to the cross-complaint upon the ground of fraud itself insufficient. It is true, as appellant contends, that where a party seeks a rescission of a contract he must act with promptness, and that the question as to what is or is not a prompt effort to rescind must depend in each case upon its own peculiar facts. It is also true that where a party seeks relief upon the ground of fraud or mistake the action must be commenced within three years after the discovery of the facts constituting the fraud or mistake, but a different case is presented where the party who has procured the fraudulent contract, or who seeks to take advantage of it, asks to have it declared valid, or to enforce its executory terms, and is thus himself asking affirmative relief. The three-years statute does not bar the defendant in such a case from objecting to the validity or to the enforcement of the contract upon the grounds of fraud. It is not incumbent upon one who has thus been defrauded to go into court and ask relief, but he may abide his time, and, where enforcement is sought against him, excuse himself from performance by proof of the fraud. Of course, in such a case he incurs the risk of defeat by the intervention of the rights of innocent parties." While this court has never decided the question

of limitation here presented upon the precise state of case now before it, it has, in effect, held that it did not apply in a practically similar case. In Avritt v. Russell, 58 S. W. 811, 22 Ky. Law Rep. 752, it appears that on January 4, 1888, Avritt executed to Russell his note for $733.46 in renewal of an older note and due bill which had theretofore been given by the former to the latter upon partial settlements of fees growing out of a former partnership between them in the practice of law. Subsequently a payment of $200 was made by Avritt upon the note of $733.46; some time after which he learned through his brother, Samuel Avritt, who had acted as his agent that Russell had collected a partnership fee of $1,356.70 in the case of one Holt, Avritt's part of which had been retained by Russell in payment of the $733.46 note. "At the September term, 1895, appellant, Avritt, brought suit against Russell for the surrender of the $733.46 note, alleging concealment by Russell of the fact of the collection of the Holt fee, and that the note was executed by Avritt in ignorance of the fact that he was not indebted to Russell; seeking also a recovery of the amount paid on the note, which was averred to have been paid by his mistake and the fraud of Russell in withholding the true state of the firm's account from him. A suit was also brought by Sylvester A. Russell, son of Judge Russell, against appellant upon the $733.46 note, it being alleged that it was assigned by W. E. Russell to his wife, Sue E. Russell, and by her to S. A. Russell. To this suit a plea of no consideration was interposed, it being averred that when the partnership was dissolved it was agreed that appellant's share in all fees thereafter collected from the unfinished business of the firm should be applied to the discharge of the notes and

the surplus accounted for to appellant. A plea of the
statute of limitation was interposed by appellees, the Rus-
sells, upon the theory that relief was sought by appellant
against fraud or mistake as to the date of the collection
of the Holt fee." The plea of limitation made by Russell
was to the defense interposed by Avritt that it was pro-
cured by fraud. The two suits between the parties—the
one brought by Avritt and the other by S. A. Russell—were
consolidated and tried together. The issue was whether
Avritt owed the note. His defense was that the note had
been procured by fraud, to which limitation was pleaded
by Russell. As to the plea of the statute of limitation
this court said: "The statute of limitation, in our judg-
ment, has no application whatever in this case. It is not
sought here to set aside or annul any transaction as of the
date of the collection of the Holt fee. Had the new note
not been executed, the plea would have been a
plea of payment. As a new note was executed the
plea relied upon was the plea of no consideration,
to which the statute of limitation is equally inap-
plicable." In the case at bar the statute of limitation
can not, in our opinion, be relied on to defeat a recovery
upon the note. In fact, it is not pleaded against the note,
but by Buchanan for relief against his own fraud. The
action is not one to obtain relief on the ground of fraud
or mistake, but to recover $6,700, evidenced by a note. The
payor's defense is that judgment can not go against him
because he has been relieved of all liability upon the note
by reason of his discharge in bankruptcy, which instrument
is formally pleaded and filed. In avoidance of the discharge
in bankruptcy, appellant pleads the alleged fraud commit-
ted by Buchanan in obtaining the money for which the note
was executed and that by reason of such fraud the discharge

in bankruptcy does not operate as a release to Buchanan; and for the purpose of making his discharge effective as to the note the latter pleads that the fraud of which complaint is made was committed more than ten years before the presenting of the complaint, and therefore can not, by reason of the statute of limitation, be relied on to exclude the note sued on from the operation of the discharge in bankruptcy. The action not being bottomed on fraud or mistake, the fraud of Buchanan did not affect the validity of the note sued on, but only the question of whether he was relieved of liability thereon by the discharge in bankruptcy. It was not necessary to allege or prove the fraud in order to recover on the note. That question was injected into the case to avoid the discharge in bankruptcy, but for which it would not have been mentioned. It seems to us, therefore, that the plea of limitation in this case goes not to the cause of action, but is directed to the defense.

We have examined the authorities cited in support of the contention of appellee, but do not find that they militate against the conclusions herein reached. They appear to hold that the statute of limitation can be relied on as against any new or additional cause of action that may be set up by way of amendment in a pending action, and time computed up to the introduction of the new matter. But no new cause of action was brought into this case, as already explained. The fraud of Buchanan does not constitute a new cause of action, but is only pleaded as against and in avoidance of the discharge in bankruptcy; hence the rule announced in the cases cited by counsel for appellee is inapplicable. It is, however, insisted for appellee that the case of Treadway v. Pharis, 90 Ky. 664, 12 R. 639, 14 S.

W. 909, fully sustains the plea of limitation made in this case. We do not think so. It will be found in that case that the action was instituted by the appellant's children and heirs at law of Pharis by his first wife against his children and heirs at law by his second wife, the latter also being made a defendant, for a division of his lands fairly, but in such manner as to exclude a tract of 58 acres conveyed to the decedent in 1848 by one Tarleton Embrey, which they prayed be adjudged to belong to them to the exclusion of the decedent's second wife, and children born to him by her. The ground, as averred in the petition upon which appellants based their exclusive right to the tract of 58 acres, was that "the consideration was paid to Embry out of the estate of their mother, and that, though there was an agreement between her and their father the deed therefor was to be made to her, he fraudulently and without her knowledge or consent procured same to be conveyed to himself." The plea of the statute of limitation set up by way of defense to the claim of appellants to the sole ownership of the 58 acres was sustained by the lower court and affirmed by this court in an opinion by Judge Lewis for the reason that: "As the ground of relief is the alleged fraud of their father in causing the deed to be made to himself instead of their mother, they had a cause of action, if ever, upon her death, and not having sued within either five or ten years thereafter, they can not now maintain an action to set aside the deed, which has to be done before they can recover the land. While they could not recover the land during the lifetime of their father, there was nothing to prevent institution of an action to set aside the deed, and thereby change the character of his claim and possession from that of absolute ownership to

a tenancy by curtesy." It will be seen that the case *supra*, in so far as it was sought to exclude the last wife and her children from any interest in the 58 acres of land, was an action for relief upon the ground of fraud, it being distinctly averred in the petition that the fraud of the father caused the title to the land in which the money of his first wife, plaintiff's mother, had been invested, to be conveyed to himself without the knowledge or consent of the wife, and in violation of the agreement that it should be conveyed to her. Therefore the plea of the statute of limitation interposed by the answer went to and affected the cause of action and the remedy.

We do not think the plea of *res judicata* interposed by the appellant can be sustained. It seems to be based upon the theory that because this court on the former appeal held that the five-years statute of limitation relied on at that time by Buchanan as a bar to a recovery upon the note did not apply, therefore Buchanan could not on any ground whatsoever again plead limitation in this case. The question of limitation raised and decided on the former appeal was as to the five-year statute relied on to bar the note, which it was alleged had been placed on the footing of a bill of exchange. The question of limitation now raised is a separate and distinct matter, which arose after the filing of Buchanan's supplemental answer, and because of appellant's plea that he had procured the money on the note sued on by fraud, and thereby prevented his discharge in bankruptcy from releasing him from liability on the note. While for the reasons hereinbefore indicated the statute of limitation can not be relied on as a defense to the note, or in avoidance of the alleged fraud whereby the money was obtained thereon by Buchanan, the question

is, in our opinion, unaffected by the decision of this court on the former appeal.

The judgment is reversed, and cause remanded for further proceedings consistent with the opinion herein.