Hart, J.,
 

 dissenting. The purpose of statutes of limitation is to bar actions and not to suppress or cut off matters of defense. Therefore, it is a general rule that such statutes are not applicable to defenses which serve to lessen or liquidate an adversary claim. 34 American Jurisprudence, 57, Section 63; 25 Ohio Jurisprudence, 573, Section 230. A statute of limitation ceases to run against a setoff or counterclaim
 
 as a defense
 
 only from the date of the commencement of the action in which such setoff or counterclaim is set up. See annotations 16 A. L. R., 326, and 78 A. L. R., 1074.
 

 But this rule applies only in the case of defenses and does not apply where affirmative relief is sought. 34 American Jurisprudence, 57 and 59, Sections 63 and 64;
 
 Muckenthaler
 
 v.
 
 Noller,
 
 104 Kan., 551, 180 P., 453;
 
 Louisville Banking Co.
 
 v.
 
 Buchanan,
 
 117 Ky., 975, 80 S. W., 193. And where a defense is asserted by way of setoff or counterclaim, the plaintiff may invoke a statute of limitation as to any affirmative relief sought
 
 *136
 
 in connection therewith.
 
 Bryant
 
 v.
 
 Swetland,
 
 48 Ohio St., 194, 27 N. E., 100.
 

 In the instant case, in my opinion, there can be no valid counterclaim or setoff asserted by defendant Gross which will lessen or liquidate the claim of the plaintiff. Aside from the statute of limitation, if either the plaintiff or defendant Gross is entitled to recover, the other is not because such recovery establishes as an uncontravertible fact the wrong of such other.
 
 Gibson
 
 v.
 
 Solomon,
 
 136 Ohio St., 101, 23 N. E. (2d), 996, 125 A. L. R., 903;
 
 Conold
 
 v.
 
 Stern,
 
 138 Ohio St., 352, 363, 35 N. E. (2d), 133, 137 A. L. R., 1003;
 
 Krisher
 
 v.
 
 McAllister,
 
 71 Ohio App., 58, 47 N. E. (2d), 817.
 

 Both plaintiff and defendant Gross, respectively, are asserting claims, not by way of defense but by way of affirmative independent actions against the other. The claim or cause of action of each, if there be such, accrued at the same instant. Each such affirmative claim or cause of action was barred when the statute had run against it from the time of its accrual. Since the defendant did not attempt to assert his claim until after the period of limitation had run against it, it is barred.